[Crim. No. 23621. Jan. 28, 1985.]

THE PEOPLE, Plaintiff and Respondent, v.
JEFFREY DEAN O'BRYAN, Defendant and Appellant.

**COUNSEL**

Quin Denvir and Frank O. Bell, Jr., State Public Defenders, under appointment by the Court of Appeal, and Richard Lennon, Deputy State Public Defender, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Gary R. Hahn and Edward T. Fogel, Jr., Deputy Attorneys General, for Plaintiff and Respondent.

Christopher N. Heard and Terry L. White as Amici Curiae on behalf of Plaintiff and Respondent.

## OPINION

**BROUSSARD, J.**—Defendant pled nolo contendere to a charge of second degree burglary involving entry into a residence, and admitted a prior conviction of first degree burglary. The sentence included a five-year enhancement under Penal Code section 667[1] for a prior commission of a serious felony. Defendant's appeal challenges the propriety of the enhancement.

The prosecution filed an information charging defendant with two counts of burglary. The first count asserted that on July 27, 1982, defendant "did willfully and unlawfully enter the residence . . . [of] Marie Paz Estrata, with the intent to commit larceny." The second count, in identical language, charged an entry into the residence of Teresa Colleen Strom. The information further alleged that on January 29, 1980, defendant was "convicted of residential burglary . . . within the meaning of Penal Code section 667(a)."[2]

Defendant pled nolo contendere to count 1 of the information and admitted the alleged prior conviction. Defendant further signed a waiver form in which he acknowledged in writing that his plea and admission exposed him to a possible maximum sentence of eight years—the three-year maximum term for second degree burglary plus a five-year enhancement under section 667. The court found defendant guilty of second degree burglary, imposed a middle term of two years, and after denying a defense motion to strike, added the five-year serious felony enhancement under section 667. The prosecution then dismissed the remaining count.

Defendant now appeals from the sentence. His appeal challenges only the five-year enhancement imposed by section 667, when a defendant, previously convicted of a serious felony, is again convicted of such a

---

[1]All statutory references are to the Penal Code.

[2]The preliminary hearing transcript indicated that defendant was seen entering the Strom house in the afternoon of July 27, 1982, and seen leaving that house a few minutes later carrying a woman's dress. He then put on the dress and entered the Estrada house. Mrs. Estrada saw him going through her purse, and her husband and son pursued and caught defendant.

crime.[3] Section 667 refers to section 1192.7, which defines serious felony to include "burglary of a residence." (§ 1192.7, subd. (c)(18).) Defendant argues that neither his present conviction nor his admitted prior conviction can be classified as a burglary of a residence.

Defendant first contends that his present conviction for second degree burglary cannot be considered a conviction of a serious felony within section 667, because entry into a residence is not an essential element of the offense. Defendant, however, pled nolo contendere to an information which alleged burglary of a residence, and in view of the enhancement provided by section 667, that allegation cannot be considered surplusage. Defendant further acknowledged that his plea exposed him to a possible sentence of eight years, a term which included the five-year serious felony enhancement. Defendant's plea under these circumstances constitutes an admission that the current burglary was a residential burglary within the meaning of section 667. (See *People* v. *Jackson* (1985) *ante,* pp. 826, 835-836 [210 Cal.Rptr. 623, 694 P.2d 736].) Such an admission is sufficient to establish the residential character of the burglary. (*Jackson, supra, ante,* at p. 836.)

■ Defendant's prior conviction in 1980 was for first degree burglary. Section 460 as of the date of that offense defined first degree burglary as a "burglary of an inhabited dwelling house or trailer coach as defined by the Vehicle Code, or the inhabited portion of any other building, committed in the nighttime. . . ." Defendant argues that a first degree burglary under this language could include an entry into "the inhabited portion of a non-residential building." We believe, however, that the term "residence" in section 1192.7 was intended to encompass not only dwelling houses and trailer coaches but also "the inhabited portion of any other building." Even if part of a building is used for nonresidential purposes, that part which is inhabited is a "residence" within the meaning of the serious felony enhancement. The definition of first degree burglary draws no distinction between individual dwellings and the inhabited portion of other buildings, such as hotels and apartment houses, and it would be wholly artificial to find such a distinction in the serious felony enhancement. An entry into an inhabited space is a serious felony because it presents a greater intrusion upon personal privacy, and a greater risk of violent confrontation, than does entry into an uninha-

---

[3]Section 667 reads in relevant part: "(a) Any person convicted of a serious felony who previously has been convicted of a serious felony in this state or of any offense committed in another jurisdiction which includes all of the elements of any serious felony, shall receive, in addition to the sentence imposed by the court for the present offense, a five-year enhancement for each such prior conviction on charges brought and tried separately. The terms of the present offense and each enhancement shall run consecutively. . . . [¶] (d) As used in this section 'serious felony' means a serious felony listed in subdivision (c) of Section 1192.7."

bited area. (See *People* v. *Wilson* (1969) 1 Cal.3d 431, 440 [82 Cal.Rptr. 494, 462 P.2d 22].)

We find support for this interpretation in the definitional language of section 1170.95 (enacted as § 1170.8, then renumbered), enacted effective January 1, 1983.[4] That enactment defines residential burglary to include not only entry into an inhabited dwelling house or trailer coach, but also "the inhabited portion of any other building." Although this language cannot be applied retroactively to increase the punishment imposed on defendant under sections 667 and 1192.7 (see *People* v. *Teron* (1979) 23 Cal.3d 103, 116-117 [151 Cal.Rptr. 633, 588 P.2d 773] and cases there cited), we may properly rely upon it as a guide to interpreting what those sections meant from their inception (see *Eu* v. *Chacon* (1976) 16 Cal.3d 465, 470 [128 Cal.Rptr. 1, 546 P.2d 289]). Section 1170.95 serves to confirm that the statutes draw no distinction, in terms of the residential character of a burglary, between an entry into an inhabited dwelling and one into the inhabited portion of some other building.

We conclude that the first degree burglary of which defendant was previously convicted is, as a matter of law, a "burglary of a residence" under section 1192.7. In any event, under the reasoning of *People* v. *Jackson, supra, ante,* 835-836, defendant's admission that he was convicted of a "residential burglary . . . within the meaning of Penal Code section 667(a)" would suffice to establish the truth of that allegation.

Defendant's final contention, that an enhancement under section 667 must be limited to avoid a sentence of more than twice the base term, was also addressed and rejected in *Jackson*. (See *ante,* at pp. 837-838.)

The judgment is affirmed.

Kaus, J., Reynoso, J., and Grodin, J., concurred.

---

[4]Section 1170.95 contains three provisions: (a) permits subordinate consecutive terms for residential burglaries to exceed five, but not ten years; (b) abolishes the double base term limitation (§ 1170.1, subd. (g)) when the defendant stands convicted of at least two residential burglaries; and (c) defines "residential burglary" to include all burglaries which could be prosecuted as first degree burglaries except misdemeanor daytime burglaries. Subdivision (c) reads in full: "As used in this section, 'residential burglary' means burglary in the nighttime or a felony burglary in the daytime, of an inhabited dwelling house or trailer coach, as defined in Section 635 of the Vehicle Code, or the inhabited portion of any other building."

Although the quoted definition language only defines residential burglary "as used in this section," since the section in subdivision (b) itself relates to the limitations placed upon the serious felony enhancement, the definition necessarily bears upon the meaning of "residential burglary" as used in the enhancing legislation.

Bird, C. J., and Mosk, J., concurred in the judgment.

**LUCAS, J.**—For the reasons stated in my concurring opinion in *People* v. *Jackson* (1985) *ante,* page 826 [210 Cal.Rptr. 623, 694 P.2d 736], I concur in the judgment affirming defendant's conviction.