[Crim. No. 13149. Third Dist. May 16, 1985.]

THE PEOPLE, Plaintiff and Respondent, v.
CHARLES ANGELO TRAINA, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, parts I, II, IV, V and VII, are not published.

**COUNSEL**

Susan Sutherland for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Roger E. Venturi and Maureen A. Daly, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**CARR, J.**—As the result of a plea bargain, defendant pled guilty to robbery (Pen. Code, § 211)[1] and the trial court found an allegation of a prior rob-

---

[1] All further statutory references shall be to the Penal Code unless otherwise noted.

bery conviction to be true. On motion of the district attorney, the trial court then dismissed three charged counts of burglary and struck a firearm use allegation. Defendant was sentenced to the middle term of three years for the robbery (§ 213), with an enhancement of five years for the prior robbery conviction (§ 667), making a total prison term of eight years.

On appeal, defendant raises numerous challenges to his sentence.[2] He contends: (1) application of section 667 constitutes an unconstitutional ex post facto law; (2) application of section 667 denies him equal protection of the laws; (3) the conflict between sections 667 and 667.5 entitles him to the more favorable provisions of section 667.5; (4) it was error to deny his motion to strike the enhancement for his prior robbery conviction; (5) the trial court improperly considered the stricken weapon enhancement in sentencing him; (6) his sentence exceeds twice the base term in violation of section 1170.1, subdivision (g); and (7) his prior robbery conviction was not "brought and tried separately" within the meaning of section 667, subdivision (a).

We concluded none of the contentions had merit and affirmed the judgment in a decision filed July 30, 1984. Our Supreme Court granted a hearing on October 4, 1984. Subsequent thereto, on January 28, 1985, the Supreme Court filed the decisions in *People* v. *Jackson* (1985) 37 Cal.3d 826 [210 Cal.Rptr. 623, 694 P.2d 736], and *People* v. *O'Bryan* (1985) 37 Cal.3d 841 [210 Cal.Rptr. 450, 694 P.2d 135], which treat some of the issues raised by defendant herein. On April 18, 1985, the Supreme Court ordered the cause retransferred to our court with the suggestion that the opinion be refiled with appropriate reference to *People* v. *Jackson, supra,* 37 Cal.3d 826, and *People* v. *O'Bryan, supra,* 37 Cal.3d 841. We comply with the Supreme Court's suggestion.

DISCUSSION

I*

. . . . . . . . . . . . . . . . . . . . . .

III

Defendant contends that because a robbery prior is punishable, for enhancement purposes, under both section 667 and section 667.5, the con-

---

[2]Insofar as is pertinent, the factual basis for defendant's plea is as follows: Defendant removed a chainsaw from a retail store and began to walk to his car. As he approached the car, he was confronted by employees of the store. He produced a weapon and threatened to shoot them if they came any closer. He then entered his car and drove off with the chainsaw.

*See footnote, *ante,* page 305.

flict requires that he be given the benefit of the more favorable statute, section 667.5. Defendant has misconstrued both the law and the facts.

Defendant cites *Keeler* v. *Superior Court* (1970) 2 Cal.3d 619 [87 Cal.Rptr. 481, 470 P.2d 617, 40 A.L.R.3d 420] in support of his assertion. *Keeler* involved the familiar canon of statutory construction that where a *single* penal statute is susceptible of two interpretations, the construction more favorable to the offender will be adopted. *(Id.,* at p. 631; *People* v. *Davis* (1981) 29 Cal.3d 814, 828 [176 Cal.Rptr. 521, 633 P.2d 186].) This rule has no application if defendant's offense is punishable by *two* separate statutes. The latter case is governed by section 654, which provides in part that "[a]n act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions, but in no case can it be punished under more than one." Section 654 does not prohibit multiple convictions, merely multiple punishment. The appropriate remedy for a violation of the statute is to eliminate the penalty predicated on the *lesser* offense. *(People* v. *Hicks* (1965) 63 Cal.2d 764, 766 [48 Cal.Rptr. 139, 408 P.2d 747].) The law does not require that defendant be given the benefit of the more favorable of two applicable statutes.

Were we to accept defendant's erroneous view of the law, his assertion that his robbery prior is punishable under both sections 667 and 667.5 is factually incorrect. The statutes may overlap in certain instances, but the defendant in this case was charged in the information with having been previously "*convicted* of a serious felony offense, Robbery, . . ." Section 667 applies to "[a]ny person *convicted* of a serious felony who previously has been convicted of a serious felony in this state . . . ." (§ 667, subd. (a); italics added.) Section 667.5 covers "[e]nhancement of prison terms for new offenses because of *prior prison terms* . . . ." (Italics added.) Because defendant was charged with only a prior *conviction,* an additional one-year term for a "prior separate *prison term served* for any felony" could not have been imposed pursuant to section 667.5, subdivision (b). (Italics added.) The critical element of a prior prison term was neither specifically charged in the information nor necessarily included within the charge of a prior conviction. *(People* v. *Lohbauer* (1981) 29 Cal.3d 364, 367 [173 Cal.Rptr. 453, 627 P.2d 183].) Nor did defendant consent to be sentenced on the "lesser related" allegation of having served a prior prison term. (See *People* v. *Geiger* (1984) 35 Cal.3d 510, 526 [199 Cal.Rptr. 45, 674 P.2d 1303].) His argument below was that the prior conviction allegation should be stricken entirely because the prior conviction was so old. Accordingly, under the facts of this case, we conclude there is no "conflict" between sections 667 and 667.5. Section 667 was applicable and defendant was properly sentenced under that section.

## IV*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## VI

■   Defendant next contends the trial court improperly sentenced him to an aggregate term which exceeded twice his base term in violation of section 1170.1, subdivision (g).[6] He overlooks the enactment of article I, section 28, subdivision (f) of the California Constitution, enacted by the voters at the June 8, 1982 primary election. This section states in pertinent part that prior felony convictions "shall subsequently be used *without limitation* for purposes of . . . enhancement of sentence in any criminal proceeding." (Italics added.) Its enactment was an unambiguous expression of the electorate's intent to supersede the twice the base term rule as it applied to enhancements. In a single initiative measure, the electorate adopted a five-year enhancement for each prior serious felony conviction (§ 667, subd. (a)), and mandated that such enhancements be imposed "without limitation." (Art. I, § 28, subd. (f).) "The courts must interpret a constitutional amendment to give effect to the intent of the voters adopting it." (*In re Quinn* (1973) 35 Cal.App.3d 473, 483 [110 Cal.Rptr. 881].)

As the Supreme Court held in *People* v. *Jackson, supra,* 37 Cal.3d 826, 838, and in *People* v. *O'Bryan, supra,* 37 Cal.3d 841, 845, "enhancements for serious felonies under section 667 were not intended to be subject to the double base term limitation of section 1170.1, subdivision (g). To carry out the intention of the enactment, we read section 1170.1, subdivision (g), as if it contained an exception for enhancements for serious felonies pursuant to section 667, comparable to the explicit exception for enhancements for violent felonies under section 667.5." As observed by the Supreme Court in *People* v. *Jackson, supra,* 37 Cal.3d 826, at page 838, footnote 15, "Proposition 8's failure to amend section 1170.1, subdivision (g) appears to be a draftsman's oversight . . . ." The enhancement for defendant's prior robbery conviction is not subject to the double base limitation of section 1170.1, subdivision (g).

---

*See footnote, *ante,* page 305.

[6]Section 1170.1, subdivision (g) provides: "The term of imprisonment shall not exceed twice the number of years imposed by the trial court as the base term pursuant to subdivision (b) of Section 1170 unless the defendant stands convicted of a 'violent felony' as defined in subdivision (c) of Section 667.5, or a consecutive sentence is being imposed pursuant to subdivision (c) of this section, or an enhancement is imposed pursuant to Section 12022, 12022.5, 12022.6 or 12022.7 or the defendant stands convicted of felony escape from an institution in which he is lawfully confined."

## VII*

. . . . . . . . . . . . . . . . . . . . . . . . . .

The judgment is affirmed.

Puglia, P. J., and Byrne, J.,† concurred.

---

*See footnote, *ante,* page 305.
†Assigned by the Chairperson of the Judicial Council.