[No. F002741. Fifth Dist. June 14, 1985.]

THE PEOPLE, Plaintiff and Respondent, v.
GARRY BROWN, Defendant and Appellant.

314

COUNSEL

James J. Haight under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, W. Scott Thorpe, Charles P. Just and Clayton S. Tanaka, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

THE COURT*—Appellant was convicted after jury trial of first degree burglary and vehicle theft, both offenses occurring January 20, 1983. The information alleged that appellant had suffered a prior conviction in April 1981 for "a serious felony listed in subdivision (c) of Section 1192.7 of the Penal Code, to wit: residential burglary, in violation of Section 459 of the Penal Code, within the meaning of Section 667 of the Penal Code." The information also alleged that appellant had served a prior prison term within the meaning of Penal Code section 667.5 after a June 1981 conviction of burglary. The trial court found, after a court trial at which documentary evidence of appellant's priors was introduced, that both priors were true. Appellant was sentenced to prison for the four-year middle base term on

---

*Before Franson, Acting P. J., Martin, J., and Vander Wall, J.†

†Assigned by the Chairperson of the Judicial Council.

the instant offense, plus the five-year and one-year additional terms for the first and second priors, respectively.

Appellant now contends that the trial court erred in 1) finding that the first prior was for residential burglary and imposing the five-year enhancement where the first prior was for second degree burglary; 2) imposing the one-year enhancement for the second prior where appellant served concurrent prison terms for the first and second priors. Respondent disputes both contentions. For reasons to be stated, we will agree with appellant's first contention. This agreement will eliminate the premise of appellant's second contention.

In *People* v. *Jackson* (1985) 37 Cal.3d 826 [210 Cal.Rptr. 623, 694 P.2d 736], our Supreme Court recently addressed the question of a serious felony enhancement for a prior second degree burglary. The court explained:

"With respect to a prior burglary conviction, however, especially one such as defendant's which antedates Proposition 8, proof of the residential character of the burglary encounters obstacles.[14] The record of a conviction for second degree burglary would not prove entry into a residence, even if the pleadings included superfluous allegations to that effect. (*People* v. *Crowson, supra,* 33 Cal.3d 623, 634 [190 Cal.Rptr. 165, 660 P.2d 389].) Moreover, the People could not go behind that record to prove a fact which was not then an element of the crime. (*Id.,* at pp. 633-634; see *In re Finley, supra,* 68 Cal.2d 389, 393-394 [66 Cal.Rptr. 733, 438 P.2d 381]; *In re McVickers* (1946) 29 Cal.2d 264, 276 [176 P.2d 40]; *People* v. *Hickey* (1980) 109 Cal.App.3d 426, 438-439 [167 Cal.Rptr. 256].) A contrary holding, permitting the People to litigate the circumstances of a crime committed years in the past, would raise serious problems akin to double jeopardy and denial of speedy trial.

"There is no rule, however, which bars the defendant from admitting that a prior burglary involved entry into a residence, even if the prosecution is unable to prove the allegation. We permit a defendant in connection with a plea bargain to plead guilty to an offense with which he was not charged, and which the prosecution cannot prove, so long as it is reasonably related to defendant's conduct. (*People* v. *West* (1970) 3 Cal.3d 595, 612-613 [91 Cal.Rptr. 385, 477 P.2d 409].) A defendant should have the same latitude with respect to enhancements; if, as part of a bargain, he finds it advantageous to admit an enhancement which the prosecution may be unable to prove, *Crowson* does not prevent the court from giving effect to that admission."

Footnote 14 of the quoted passage provides: "In a post-Proposition 8 case, for the reasons we have explained, an allegation that a burglary involved entry into a residence is not a superfluous allegation. Even if the case involved the first serious felony charge against the defendant, proof of the residential character of the burglary would expose defendant to an enhanced punishment if he committed a later serious crime. Consequently, admissions or findings that a burglary was of a residence, established on the record of the conviction, could be used in a later proceeding to prove that the defendant had previously been convicted of a serious felony." (*Id.*, at p. 836.)

The court held that the defendant was subject to a serious felony enhancement because he had expressly admitted in the current proceeding that a prior alleged burglary involved burglary of a residence. (*Ibid.*)

Our review of the present record, however, reveals no such express admission. Though the documents introduced below included the information pertaining to the first prior which alleged burglary of a residence, *Jackson* makes clear that the residence allegations were superfluous in 1981 and thus may not be used now to uphold the current enhancements. Absent the express admission which *Jackson* requires, we must conclude that the serious felony enhancement was improperly imposed.

Respondent argues that the defense stipulation that the trial court could judicially notice the superior court file pertaining to the first prior conviction (Kern County Super. Ct. action No. 21967) constituted the express admission which *Jackson* requires. The language of *Jackson* makes clear that the Supreme Court requires that the defendant personally and expressly admit that the prior burglary involved entry into a residence. At no point in the current proceedings did appellant personally or expressly admit this fact.

Respondent's position would give a distorted, unwarranted meaning to the Supreme Court's requirement of an express admission, circumvent the Supreme Court's bar on going behind the record of conviction to prove a fact not an element of the crime when the defendant was convicted, defeat the purpose of having a contested trial on the prior, and, ironically, give the defendant *contesting* a prior less protection than that to which he would be constitutionally entitled where he *admits* a prior. (See *In re Yurko* (1974) 10 Cal.3d 857 [112 Cal.Rptr. 513, 519 P.2d 561].)

Respondent also argues that appellant's "prior judgment of conviction clearly recites that appellant was found guilty of residential burglary." Respondent does not specify the matters to which the general phrase "prior judgment of conviction" refers. In *People* v. *Jackson, supra,* 37 Cal.3d

826, the Supreme Court used the term "record of the conviction," but did not specify its parameters. What the court *did* make unmistakably clear is that "The record of a conviction for [a pre-Proposition 8] second degree burglary would not prove entry into a residence, even if the pleadings included superfluous allegations to that effect." (37 Cal.3d 826, at p. 836.)

As the court explained: "*Crowson* established two propositions relevant to the present case: (1) that proof of a prior conviction establishes only the minimum elements of the crime, even if the charging pleading contained additional, superfluous allegations; and (2) that the prosecution cannot go behind the record of the conviction and relitigate the circumstances of the offense to prove some fact which was not an element of the crime." (*Id.*, at p. 834.)

Since appellant was convicted of a pre-Proposition 8 second degree burglary, it follows from *Jackson* that the record of this conviction would not prove entry into a residence, even though the information in action No. 21967 (contained within People's exhibit No. 5) alleged the burglary of a residence. When appellant in 1981 pled guilty to that information, the residence allegation was "entirely immaterial surplusage, and [appellant] would have had no reason or incentive to contest [it] in the [1981] proceeding." (*People* v. *Crowson* (1983) 33 Cal.3d 623, 634 [190 Cal.Rptr. 165, 660 P.2d 389].)

Respondent relies on the recent decision in *People* v. *Longinetti* (1985) 164 Cal.App.3d 704 [210 Cal.Rptr. 729], in which a divided court refused to follow, on grounds that it was dicta, the language which we have quoted from *Jackson*. Specifically, the court held that the serious felony enhancement was properly imposed where the prior judgment of conviction stated that the defendant had pled guilty to a 1975 burglary *as charged in the information* and the information in turn alleged that the burglary was residential. The court distinguished *Crowson* on the basis that *Longinetti's* judgment on its face showed the crime to be residential, while *Crowson's* judgment "was silent as to the presence of crucial elements . . ." (*Id.*, at p. 706.)

In our view, *Longinetti* elevates form over substance and fails to come to grips with *Crowson's* underlying rationale. The propriety of a serious felony enhancement should not hinge on whether 1) the information contained superfluous allegations which the defendant had no incentive to contest at the time and (2) if it did, whether the judgment purported to incorporate the information. In his dissenting opinion in *Longinetti*, Justice Gates stated: "[U]nless and until our highest court does, in fact, elect to reexamine, and subsequently to reject, the reasoning so explicitly and so emphatically announced in both *Jackson* and *Crowson*, I would follow the clearly defined

course they have dictated, albeit in dicta, and eliminate the Penal Code section 667 enhancement from the instant judgment." (*Id.*, at p. 709.) We agree.

The judgment is modified to strike the finding that appellant suffered a prior serious felony conviction within the meaning of Penal Code section 667 and the additional term imposed based on such finding. The trial court is directed to prepare an amended abstract of judgment which reflects said modification and to forward a certified copy of same forthwith to the appropriate authorities. As so modified, the judgment is affirmed.

Respondent's petition for review by the Supreme Court was denied September 25, 1985. Reynoso, J., and Lucas, J., were of the opinion that the petition should be granted.