[No. F005268. Fifth Dist. Nov. 4, 1986.]

THE PEOPLE, Plaintiff and Respondent, v.
GUADALUPE RAMIREZ CASTRO, Defendant and Appellant.

1212

## Counsel

Richard L. Phillips, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Jane N. Kirkland and Wanda Hill Rouzan, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

AZEVEDO, J.*—An information filed on October 5, 1984, charged appellant with two felonies, burglary (Pen. Code, § 459)[1] and unauthorized taking of a vehicle (Veh. Code, § 10851), and two misdemeanors, resisting arrest (§ 148) and leaving an unattended car with its motor running (Veh. Code, § 22515). The information, in conjunction with the burglary charge, alleged five serious prior felony convictions (§ 667) and service of four previous prison terms (§ 667.5, subd. (b)). The taking of a vehicle charge also included enhancement allegations of four prior prison terms. Appellant pleaded not guilty and denied all allegations.

Prior to trial, the misdemeanor counts were dismissed and the hearing on the enhancement allegations was bifurcated from the trial on the felony charges.

A jury trial resulted in appellant's conviction of both charges. The court, after a separate court trial, found the enhancement allegations true. The court sentenced appellant to serve thirty-two and two-thirds years in state prison; a six-year principal upper term on the burglary conviction; an eight-month consecutive sentence on the vehicle taking; twenty-five years for five serious prior felony convictions; and one year for a prior prison term.

### Facts

Appellant was spotted by a police officer in a stolen car. Upon seeing the officer, appellant accelerated and turned into an alley. Appellant then abandoned the car and ran. As he ran, he removed his shirt. The officer apprehended him.

The car contained a TV, toolbox and jack which had been taken from a nearby apartment. Appellant told the officer the car had been given to him.

---

*Assigned by the Chairperson of the Judicial Council.

[1]All statutory references are to the Penal Code unless otherwise indicated.

Appellant attempted to discard some coins, identified as also having been taken from the apartment.

Shoeprints and tire tread impressions taken at the apartment matched those of appellant and the stolen vehicle.

Appellant did not testify at trial.

DISCUSSION

I

Appellant first claims his five burglary convictions were inadmissible for purposes of impeachment as a burglary conviction does not evince moral turpitude. Further, even if admissible, the trial court erred in failing to exercise its discretion in ruling the prior convictions admissible, and thus the convictions must be reversed.

The trial court ruled: ". . . I believe the Proposition 8 allows the unlimited use of priors, and we're attempting to get back to the law that we knew it for so many years prior to Beagle. I guess the Supreme Cou[r]t is going to have to decide that issue. I'm going to make that decision. In this case, the priors do relate to the issue of credibility. So, they're relevant in that sense."

Subdivision (f) of article I, section 28 of the California Constitution provides in pertinent part: "Any prior felony conviction of any person in any criminal proceeding, whether adult or juvenile, shall subsequently be used without limitation for purposes of impeachment or enhancement of sentence in any criminal proceeding." The California Supreme Court explained in *People* v. *Castro* (1985) 38 Cal.3d 301, 306 [211 Cal.Rptr. 719, 696 P.2d 111], that this provision provides for impeachment with "any felony conviction which necessarily involves moral turpitude" subject to the trial court's discretion under Evidence Code section 352. A prior conviction will be found to involve moral turpitude where the least adjudicated elements reflect a "readiness to do evil." (*Id.* at pp. 314-317.)

The recent California Supreme Court case of *People* v. *Collins* (1986) 42 Cal.3d 378 [228 Cal.Rptr. 889, 722 P.2d 173] guides our disposition of appellant's contentions. We must determine whether appellant's prior convictions were admissible. (*Id.* at p. 389.) First, though appellant offers well-reasoned arguments to the contrary, a felony conviction for burglary "demonstrates a 'readiness to do evil' and hence necessarily involves moral turpitude." (*Id.* at p. 395; *People* v. *Statler* (1985) 174 Cal.App.3d 46, 53-

54 [219 Cal.Rptr. 713].) "Second, even if it involves moral turpitude a prior conviction is also inadmissible as a matter of law in unusual cases in which the appellate court concludes *on the particular facts before it* that the trial court could have exercised its discretion only in favor of exclusion, i.e., that it would have been an abuse of discretion if the trial court had admitted the conviction." (*People v. Collins, supra,* 42 Cal.3d at p. 390, italics added.) ▮ Appellant contends this court should disallow all five burglary priors offered for impeachment under the second exception of *Collins.* While it is conceivable that the use of five prior burglary convictions to impeach a defendant in a trial for a new burglary offense could be termed "prosecutorial overkill" and an abuse of judicial discretion, we must decide whether *on the facts of this case* it might be proper to admit that many priors for impeachment purposes.

As conceded by appellant, the identity of the offense charged and impeaching prior convictions does not dictate exclusion. The identity or similarity of current and impeaching offenses is just one factor to be considered by the trial court in exercising its discretion. If *Beagle* was dying (or dead), *Collins* has breathed new life into it and reestablished its four factors: "(1) whether the conviction reflects adversely on the defendant's honesty or veracity; (2) whether the conviction is near or remote in time; (3) whether the conviction is for substantially similar conduct for which the accused is on trial; and (4) the effect if the defendant does not testify out of fear of being prejudiced by impeachment by prior convictions." (*People v. Holt* (1984) 37 Cal.3d 436, 452 [208 Cal.Rptr. 547, 690 P.2d 1207].)[2]

Numerosity likewise does not mandate exclusion. The Supreme Court in *Holt* adopted the approach of the court in *People v. Duran* (1983) 140 Cal.App.3d 485 [189 Cal.Rptr. 595] to this problem. In *Duran,* the court found "[a] series of crimes relevant to character for truthfulness is more probative of credibility than a single lapse, and the trial court must weigh against that value the danger of prejudice." (*Id.* at p. 500.)

Combining numerosity with identity increases the likelihood of prejudice. But based upon the record before us, we cannot say a court would be precluded from finding, in an appropriately supported exercise of its discretion, the probative value of the convictions outweighed their prejudicial

---

[2]The federal courts and many state courts which follow the federal rule have adopted substantially similar criteria for exercise of the trial court's discretion. "Factors a [trial] court should consider in reaching the appropriate balance are: (1) the impeachment value of the prior crime; (2) the temporal relationship between the conviction and the subsequent history of the defendant; (3) the similarity between the prior offense and the offense charged; (4) the importance of the defendant's testimony; and (5) the centrality of the credibility issue." (*United States v. Bagley* (9th Cir. 1985) 772 F.2d 482, 487.)

effect. (See *People* v. *Green* (1980) 27 Cal.3d 1, 26 [164 Cal.Rptr. 1, 609 P.2d 468].)

Here, appellant did not testify. What defense he claimed came from a statement he made to the officer at the time of his arrest that the stolen car "was given to me." Credibility of appellant on this issue is critical, unless of course the "donor of the gift" testified. Certainly, if appellant chose to take the stand and disclaim any culpability, he should not be entitled to a "false aura of veracity." (*People* v. *Beagle* (1972) 6 Cal.3d 441, 453 [99 Cal.Rptr. 313, 492 P.2d 1].) We are severely hampered by not knowing the substance of appellant's would-be testimony, as this can be a pivotal factor in deciding admissibility. (Compare *United States* v. *Cook* (9th Cir. 1979) 608 F.2d 1175, 1187 and *United States* v. *Mehrmanesh* (9th Cir. 1982) 682 F.2d 1303, 1309, with *United States* v. *Bagley, supra,* 772 F.2d 482, 487-488, and *People* v. *Holt, supra,* 37 Cal.3d at p. 459.)

We, therefore, conclude the five prior burglary convictions are not "inadmissible as a matter of law" for purposes of impeachment. (*People* v. *Collins, supra,* 42 Cal.3d at p. 389.) ▇ Where the prior convictions are admissible and the defendant has not testified below, we "reverse the judgment and remand the cause to allow the trial court not only to exercise its discretion but also to determine prejudice in the first instance." (*Id.* at p. 393.)

Upon remand, the trial court will first take a sworn offer of proof from appellant in camera as to what his testimony would have been had he testified. (*Id.* at pp. 393-394.) The trial court will then, in open court, decide whether, in the exercise of its discretion under Evidence Code section 352, it would have admitted all the prior convictions. If so, the trial court should reinstate the judgment by rearraigning appellant and pronouncing judgment anew. (*Id.* at pp. 392, 394-395.) Such decision by the trial court will not be appealable. (*Id.* at p. 394, fn. 21.) If the court would have excluded one or more of the convictions, it must assess the prejudice to appellant under *People* v. *Watson* (1956) 46 Cal.2d 818, 836 [299 P.2d 243]. "If the court finds no prejudice it should reinstate the judgment . . .; if the court finds prejudice it should order a new trial." (*Collins, supra,* 42 Cal.3d at pp. 394-395.) A party aggrieved by the trial court's assessment under *Watson* enjoys appellate rights. (*Id.* at p. 395, fn. 22.)

▇ The procedure set out in *Collins* requires us to determine, prior to remand, whether appellant's prior convictions are "inadmissible as a matter of law" and we have done so. We are mindful, however, *Collins* also holds that if the trial court decides to admit all prior convictions, that decision will be nonappealable. This is so, even though the trial court will exercise

its discretion upon a "different" record, containing an offer of proof of appellant's proposed testimony, than we now have before us. Moreover, it appears that were we to find admission of five identical prior convictions barred as a matter of law, and, on remand, the trial court ruled it would admit as many as four of appellant's prior convictions, that decision would not be reviewable. The court in *Collins* specifically limits appellate rights "to the issue of prejudice" (*id.* at pp. 392, fn. 12, 395, fn. 22), excluding by implication appeal of the propriety of the trial court's exercise of its discretion. We must presume the trial court will conscientiously exercise its discretion in light of the relevant criteria. (Evid. Code, § 352; *People v. Beagle, supra,* 6 Cal.3d at pp. 453-454.)

## II

Appellant also claims the People failed to prove his five prior convictions for second degree burglary were "of a residence," necessary for enhancement under section 667. Four of appellant's convictions antedated the passage of Proposition 8 and one postdated Proposition 8.

■ In *People v. Jackson* (1985) 37 Cal.3d 826, 836 [210 Cal.Rptr. 623, 694 P.2d 736], the California Supreme Court noted: "With respect to a prior burglary conviction, however, especially one such as defendant's which antedates Proposition 8, proof of the residential character of the burglary encounters obstacles. The record of a conviction for second degree burglary would not prove entry into a residence, even if the pleadings included superfluous allegations to that effect. [Citation.] Moreover, the People could not go behind that record to prove a fact which was not then an element of the crime. [Citations.] A contrary holding, permitting the People to litigate the circumstances of a crime committed years in the past, would raise serious problems akin to double jeopardy and denial of speedy trial." (Fn. omitted.)

The abstract of judgment on each of appellant's four pre-Proposition 8 convictions reflects conviction merely of section 459 in the second degree. Where the complaints or informations reflect entry into a residence, such allegations were superfluous and, under *Jackson,* will not support a finding that the burglaries involved entry into a residence. (*People v. Jackson, supra,* 34 Cal.3d at p. 836; *People v. Brown* (1985) 169 Cal.App.3d 313, 317 [215 Cal.Rptr. 150].)

The People seek to avoid the clear application of *Jackson,* arguing the above discussion by the *Jackson* court was dicta and that it places an unfair burden on the People. We do not view the Supreme Court's direction as dicta (*People v. Brown, supra,* 169 Cal.App.3d at pp. 317-318) and note

the California Supreme Court has recently rejected such a characterization of its holding in *Jackson.* (*People* v. *Alfaro* (1986) 42 Cal.3d 627, 631 [230 Cal.Rptr. 129, 724 P.2d 1154].) Likewise, the court in *Alfaro* specifically disapproved the holding in *People* v. *Longinetti* (1985) 164 Cal.App.3d 704 [210 Cal.Rptr. 729], also cited by respondent. (*Id.* at p. 635.)

■ It also appears appellant's post-Proposition 8 burglary conviction cannot be used for purposes of enhancement under section 667. At the hearing, the People offered the amended abstract of judgment showing appellant was convicted of burglary in violation of section 459. Also offered was the criminal complaint filed in municipal court, accusing appellant of entering a building, a residence, with felonious intent in violation of section 459.

The court in *Jackson* distinguished between pre-Proposition 8 convictions and post-Proposition 8 convictions. "In a post-Proposition 8 case, for the reasons we have explained, an allegation that a burglary involved entry into a residence is not a superfluous allegation. Even if the case involved the first serious felony charge against the defendant, proof of the residential character of the burglary would expose defendant to an enhanced punishment if he committed a later serious crime. Consequently, admissions or findings that a burglary was of a residence, established on the record of the conviction, could be used in a later proceeding to prove that the defendant had previously been convicted of a serious felony." (*People* v. *Jackson, supra,* 37 Cal.3d at p. 836, fn. 14.)

Respondent, in seeking to sustain the section 667 enhancement on appellant's post-Proposition 8 conviction contends: "While the matter is not entirely clear on the record of appeal, it appears [t]hat the 1982 conviction may have been entered upon a plea of guilty to the complaint pursuant to Penal Code section 859a" and concludes we should defer to the trial court's factfinding on the issue. We need not decide now to what extent we defer to the trial court's factfinding role.

Here, the amended abstract of judgment reflects appellant's receipt of the midterm of two years for the burglary conviction *and* a one-year enhancement for a prior prison term. The complaint in the record does not include a prior conviction accusation. Whatever accusatory pleading appellant pleaded guilty to, it was not the complaint offered at the hearing below. Because an allegation that the burglary was of a residence would not be superfluous, but could carry serious penal consequences, we cannot presume the charging document to which appellant pleaded guilty necessarily incorporated the accusation reflected in the complaint. The evidence presented to the trial

court is, as a matter of law, insufficient to supply substantial evidence that appellant's 1983 burglary conviction was of a residence.

The judgment is reversed and remanded to the trial court both for proceedings on the impeachment issue as directed herein, and for resentencing.

Hamlin, Acting P. J., and Best, J., concurred.

A petition for a rehearing was denied December 3, 1986.