[Crim. No. 1199. First Appellate District, Division One.—December 16, 1924.]

## THE PEOPLE, Respondent, v. JAMES CLINTON et al., Appellants.

[1] CRIMINAL LAW—BURGLARY—DEGREE OF CRIME—CONSTRUCTION OF CODE SECTION.—The word "inhabited" contained in the provision of section 460 of the Penal Code, as amended in 1923, that "Every burglary of an inhabited dwelling-house or building committed in the night-time," etc., is burglary of the first degree, is applicable to and descriptive of "building" as well as "dwelling-house"; and since said amendment time alone does not fix the degree of the crime.

[2] ID.—PLEADING—ABSENCE OF ALLEGATION OF HABITATION.—In a prosecution for burglary, where the information charges that the defendants "willfully and unlawfully did enter" a certain specified store and room "with a felonious intent then and there to commit the crime of larceny, all of which was then and there done by said defendants in the night-time, contrary," etc., but it is not alleged that said store and room was inhabited, it is competent

---

1. What is house within meaning of law of burglary, note, 22 Am. Dec. 150. See, also, 4 R. C. L. 426–428; 4 Cal. Jur. 722.

2. See 4 Cal. Jur. 724.

for the jury to find the defendants guilty of burglary in either degree.

[3] ID.—EVIDENCE—UNSUPPORTED VERDICT.—In such prosecution, where the evidence shows that a haberdasher's store was burglarized in the night-time, but there is no evidence showing that the store was an inhabited dwelling-house or building, or part thereof, or that either of the defendants was armed with deadly weapons, or that any person was assaulted during the commission of the burglary, a verdict finding the defendant guilty of "burglary of the first degree" is unsupported.

(1) 9 C. J., p. 1023, n. 17 New.    (2) 9 C. J., p. 1054, n. 99.    (3) 9 C. J., p. 1076, n. 17.

APPEAL from a judgment of the Superior Court of San Mateo County. George H. Buck, Judge. Reversed.

The facts are stated in the opinion of the court.

Ernest B. D. Spagnoli for Appellant.

U. S. Webb, Attorney-General, and Wm. F. Cleary, Deputy Attorney-General, for Respondent.

ST. SURE, J.—Defendants were jointly informed against for the crime of burglary. They were jointly tried and convicted of burglary of the first degree. Appeal is taken from the judgment of conviction.

The information charged that the defendants "willfully and unlawfully did enter the store and room of Forsythe & Simpson in Burlingame, California, with the felonious intent then and there to commit the crime of larceny, all of which was then and there done by said defendants in the night-time, contrary," etc.

The main point of the defendants is that the judgment and verdict are void because defendants were charged with burglary of the second degree and were found guilty of burglary of the first degree. We do not agree with this contention. Burglary is defined in sections 459 and 460 of the Penal Code. Section 459 provides that "Every person who enters any house, room, . . . or other building, . . . with intent to commit grand or petit larceny or any felony is guilty of burglary." Section 460, as amended in 1923 (Stats. 1923, p. 747), provides that "1. Every burglary of an inhabited dwelling-house or building committed in the

night-time, and every burglary, whether in the day-time or night-time, committed by a person armed with a deadly weapon, or who while in the commission of such burglary arms himself with a deadly weapon, or while in the commission of such burglary assaults any person, is burglary of the first degree. 2. All other kinds of burglary are of the second degree." Before amendment section 460 provided that "Every burglary committed in the night-time is burglary of the first degree, and every burglary committed in the daytime is burglary of the second degree." [1] Since the amendment, time alone does not fix the degree. We think that the word "inhabited" contained in section 460 as now constituted is applicable to and descriptive of "building" as well as "dwelling-house." It thus appears that some burglaries of a dwelling-house or building in the night-time may now be burglaries of the second degree. [2] The information before us does not allege whether or not the building was inhabited, but sufficiently charges the crime of burglary, under which it was competent for the jury to find the defendants guilty of burglary in either degree. (*People* v. *Barnhart,* 59 Cal. 381, 383.) This, of course, would depend upon the evidence adduced at the trial. [3] In the instant case the evidence showed that a haberdasher's store was burglarized in the night-time. But the record is barren of evidence showing, or tending to show, that the store entered was either an inhabited dwelling-house or an inhabited building, or part either of an inhabited dwelling-house or inhabited building. And there is nothing in the record showing that either of the defendants was armed with deadly weapons, or that any person was assaulted during the commission of the burglary. The jury returned the following verdict: "We the jury find the defendants guilty of burglary of the first degree." We think it is quite clear that the evidence is wholly insufficient to support the verdict and that, therefore, the judgment must be reversed and cause remanded for a new trial. It is so ordered.

Knight, J., and Tyler, P. J., concurred.