[Crim. No. 1247. First Appellate District, Division One.—June 19, 1926.]

## THE PEOPLE, Respondent, v. JAMES CLINTON et al., Appellants.

[1] CRIMINAL LAW—BURGLARY—FORMER ACQUITTAL—ONCE IN JEOPARDY—VERDICT—APPEAL.—In a prosecution for burglary, where the record before the jury showed that the defendants had been before tried and convicted upon the same information, and no proof was introduced on the part of the prosecution to show that the prior convictions were reversed on appeal, the verdict of the jury on the special pleas of once in jeopardy and former acquittal in favor of the prosecution was erroneous, but did not constitute reversible error, where the prior convictions were, as a matter of fact, reversed by the same division of the appellate court reviewing the present appeal.

[2] ID.—JUDICIAL NOTICE—COURTS.—Courts may take judicial knowledge of their own proceedings in the same case.

[3] ID. — REVERSAL OF JUDGMENT ON APPEAL — RETRIAL ORDERED — FORMER ACQUITTAL—ONCE IN JEOPARDY.—A judgment reversed on appeal with the directions that a retrial be had does not constitute former acquittal or once in jeopardy.

[4] ID.—FIRST DEGREE BURGLARY—EFFECT OF CONVICTION.—A conviction of burglary in the first degree does not operate as an acquittal of burglary in the second degree.

[5] ID. — INSTRUCTIONS — ABSENCE OF ERROR — In such prosecution, there is no merit in the contention that the trial court committed error in refusing to instruct the jury that they might find a special verdict, nor is there any merit to the objection that the court erred in instructing the jury that the evidence tended to show that a burglary had been committed.

[6] ID.—POSSESSION OF TOOLS—RELEVANCY OF EVIDENCE.—Evidence to show that at or about the time the crime was committed the accused had in his possession certain tools with which it was or might have been committed is relevant.

[7] ID.—TRIP TO PLACE OF BURGLARY—CROSS-EXAMINATION.—In such prosecution, where one of the defendants testified on his direct examination that he and certain others drove in an automobile to the town where the burglary was committed, and that he made

2. See 10 Cal. Jur. 728; 15 R. C. L. 1113.

3. See 7 Cal. Jur. 946; 8 R. C. L. 160.

6. See 4 Cal. Jur. 744.

the arrangements for the trip, and that one of said others had since pleaded guilty to the crime of burglary, it was proper cross-examination to ask said defendant the purpose of his trip.

[8] Id.—Confessions—Character of—Evidence.—In such prosecution, assuming that a confession made by one of the defendants was obtained under duress and was not voluntary, nevertheless his substantial rights were not affected thereby, as he testified to the same facts upon the trial.

(1) 16 C. J., p. 528, n. 25, p. 1108, n. 43. (2) 16 C. J., p. 527, n. 24, p. 528, n. 25. (3) 16 C. J., p. 262, n. 18. (4) 16 C. J., p. 271, n. 6 New. (5) 9 C. J., p. 1089, n. 42; 16 C. J., p. 950, n. 3, p. 1027, n. 27 New. (6) 9 C. J., p. 1073, n. 92; 16 C. J., p. 546, n. 17, 19. (7) 40 Cyc., p. 2510, n. 29. (8) 17 C. J., p. 324, n. 63, p. 363, n. 10 New.

APPEAL from a judgment of the Superior Court of San Mateo County. George H. Buck, Judge. Affirmed.

The facts are stated in the opinion of the court.

Ernest B. D. Spagnoli and Walter F. Lynch for Appellants.

U. S. Webb, Attorney-General, and William F. Cleary, Deputy Attorney-General, for Respondent.

TYLER, P. J.—Defendants were charged with the crime of burglary. They were jointly tried and convicted of burglary in the second degree and sentenced to the state prison. All three of the defendants were formerly tried upon the same charge and were convicted of the crime of burglary in the first degree. They appealed to this court and the judgment was reversed upon the ground that there was not sufficient evidence to warranat a verdict of burglary in the first degree, and the judgment was accordingly reversed and the case remanded for retrial. (See *People* v. *Clinton et al.*, 70 Cal. App. 262 [233 Pac. 78].) The facts briefly stated show that appellants, together with others, burglarized a haberdasher's store at Burlingame and stole merchandise therefrom, which was subsequently recovered from them in San Francisco.

Several grounds are urged for a reversal of the instant judgment. It is first claimed that the jury should have

found for appellants on their special pleas of once in jeopardy and formal acquittal; that the trial court erred in the admission of certain testimony and also in its instructions to the jury. Alleged misconduct of the district attorney is assigned as error and it is further claimed that the evidence is insufficient to support the conviction.

[1] With reference to their first contention it appears that appellants in support of their special pleas of once in jeopardy and former acquittal introduced in evidence the information charging them with the commission of the crime of burglary, it being the same instrument upon which they were tried upon on the former occasion and upon which their second trial was based. They also introduced in evidence certain minutes of the former trial, together with certified copies of the judgment commitments as to each of them. No proof was introduced on the part of the prosecution to show that the convictions were reversed. Notwithstanding this fact, the jury found for the People on both special pleas. While under these circumstances, the verdict on these special pleas was erroneous, it does not constitute reversible error. The former conviction relied on was, as a matter of fact, reversed by this very division of the appellate court. [2] It is an established principle that courts may take judicial knowledge of their own proceedings in the same case. (*Hollenbach* v. *Schnabel*, 101 Cal. 312 [40 Am. St. Rep. 57, 35 Pac. 872]; *Seawell* v. *Price*, 164 Cal. 265 [128 Pac. 407].) Upon the setting aside of the former conviction a retrial was ordered. [3] A judgment reversed upon appeal with such direction does not constitute former acquittal or once in jeopardy. (*People* v. *Webb*, 38 Cal. 467; *People* v. *Tucker*, 117 Cal. 231 [49 Pac. 134].) [4] Nor does a conviction of burglary in the first degree operate, as claimed, as an acquittal of burglary in the second degree. [5] Appellants next complain of the refusal of the trial court to instruct the jury that they might find a special verdict. This objection is considered in the companion case of *People* v. *Higbee, post,* p. 455 [248 Pac. 927], this day decided, as is also the further objection that the court erred in instructing the jury that the evidence tended to show that a burglary had been committed. As pointed out in the Higbee case, there is no merit in either contention.

[6] The trial court permitted the prosecution to show that appellant Dawson was searched at the time of his arrest and that a sledge hammer and jimmy were found upon his person. It is claimed that this evidence was inadmissible without preliminary proof that the implements were used in the commission of the crime. There was testimony to show that the rear door of the store burglarized had been hammered and forced open and the lock twisted by means of some instrument. Evidence to show that at or about the time the crime was committed the accused had in his possession certain tools with which it was or might have been committed is relevant. (16 Cor. Jur. 546; *People* v. *Hope*, 62 Cal. 291; Fairall on Criminal Laws, p. 156. [7] Appellant Dawson testified on his direct examination that he, Allen, Clinton, and O'Connor drove in a Stutz automobile to Burlingame. That he, Dawson, made the arrangements for the trip, and that O'Connor had since pleaded guilty to the crime of burglary. On cross-examination this witness was asked the purpose of his trip and he answered that he went there to and did burglarize the store in question. We are of the opinion that this was proper cross-examination. (*People* v. *Maughs*, 8 Cal. App. 107 [96 Pac. 407].)

[8] At the time of his arrest Dawson made and signed a confession of his guilt and the trial court permitted its introduction in evidence. It was objected to on the ground that it was obtained by force and violence. There was testimony to show that Dawson had been slapped by a police officer about an hour before the confession was made. Assuming that the confession was obtained under duress and was not voluntary, still we fail to see how the substantial rights of this appellant were affected thereby, as he testified to the same facts upon the trial.

And finally, several objections are urged on behalf of defendant Allen. We need not be at pains to discuss these alleged errors as it appears by affidavit of the sheriff of San Mateo County, on file herein, that Allen has escaped from custody and is now a fugitive from justice. It may be said, however, that we have considered these objections and find no merit therein.

The judgment as to all of the defendants is affirmed.

Knight, J., and Cashin, J., concurred.