[Crim. No. 1537. First Appellate District, Division One.—October 16, 1929.]

THE PEOPLE, Respondent, v. MIKE SLEPNIKOFF, Appellant.

Raine Ewell for Appellant.

U. S. Webb, Attorney-General, and Lionel Browne, Deputy Attorney-General, for Respondent.

TYLER, P. J.—Appellant, together with two co-defendants, Nick Boreoff and William Durakoff, were charged in a joint information with the commission of the crime of burglary. The offense was alleged to have been perpetrated in a building located at 1161 Mission Street, San Francisco, commonly known as the Beecher Furniture Company. Appellant, together with the other defendants, pleaded not guilty. After trial, the jury returned a verdict of guilty as to all the defendants. Appellant made a motion for a new trial, which was denied. The appeal is from the judgment and order.

It appeared in evidence that about 8:30 o'clock in the evening of December 9, 1928, a watchman employed in the building heard a sound, and upon investigation saw three persons, one of whom was appellant, make their way to the office where a vault and safe were located. He immediately left the establishment and telephoned the police. Two officers responded to his call. They examined the vault and noticed that the combination had been knocked off and the safe broken open. A noise was heard on the stairway leading to the roof. The police were again phoned to for assistance and other officers arrived and the building was surrounded. All three defendants were found hiding on the top of a water-tank above the roof. A police officer asked appellant where the money was, and was informed by him that everything was on the top of the tank. An empty revolver was taken from appellant and another loaded revolver was found on the tank, together with a steel rod or drift-pin used to drive back the combination of the vault. A bag containing the sum of $284.54, which had been taken from the safe, was also found, and appellant informed the

officers that a sledge-hammer had been thrown into the tank, where it was discovered some four days later.

As grounds for reversal, it is claimed the evidence is insufficient to sustain the conviction of first degree burglary, as it does not show that the night watchman was in the building at the time appellant entered the same, or that he entered armed with a deadly weapon, or that any revolver was taken into the building.

The testimony of defendant himself shows that he entered the building after 7:30 o'clock in the evening and the watchman entered the premises previously, at 5:30 o'clock, and had remained on duty until the following morning. That appellant entered the building armed with a deadly weapon there can be no question, for he directed the officers to the place where he had left the loaded revolver, together with the implements used to commit the crime. Nor is there any merit in the further claim that the court erroneously instructed the jury as to what constituted first degree burglary, for the reason that it omitted the words "an inhabited dwelling-house." The facts as narrated show the building was inhabited. A dwelling-house inhabited or uninhabited was not involved in the case, and an instruction upon this subject was unnecessary. Moreover, the facts also show that appellant was armed with a deadly weapon. Equally without merit is the claim that the sledge-hammer was improperly admitted in evidence. There was evidence to show that appellant on entering the building had carried the hammer in his trousers and had thrown the same in the tank at the time he and his co-defendants were discovered. The fact that the hammer was not recovered until four days later is of no consequence.

The judgment and order are affirmed.

Knight, J., and Cashin, J., concurred.