[Crim. No. 1747. First Appellate District, Division One.—November 28, 1933.]

THE PEOPLE, Respondent, v. JOSEPH WARWICK, Appellant.

Walter H. Duane for Appellant.

U. S. Webb, Attorney-General, and Seibert L. Sefton, Deputy Attorney-General, for Respondent.

THE COURT.—Appellant was found guilty by a jury of burglary in the first degree and of having suffered a prior conviction of felony, for which he was sentenced to imprisonment in the state prison. This appeal was taken from the judgment of conviction and the order denying his motion for new trial. The single point urged is that the evidence is legally insufficient to sustain a verdict of first degree burglary.

Section 460 of the Penal Code provides in part that "Every burglary of an inhabited dwelling-house or building committed in the night-time . . . " is burglary of the first degree. The place burglarized in the present case was an automobile tire store conducted by John McKean at 616 Van Ness Avenue, San Francisco, and it is conceded that the place was entered at 8:30 o'clock in the evening. Appellant contends, however, that at the time the store was entered it was·not an "inhabited" building within the meaning of said code section, and that consequently the crime established was only burglary of the second degree. In this regard the evidence shows that the business hours of said store were from 8 in the morning to 6 at night; that after 6 at night there was no one in or around the store; and that after 6 o'clock on this particular night there was no one in or around the store. Under these facts it cannot be held that the store, at the time it was entered,·

was an "inhabited" building. (*People* v. *Clinton*, 70 Cal. App. 262 [233 Pac. 78].) In the case cited the evidence showed that a haberdasher's store was burglarized in the night-time, and it was held that the same was not an inhabited building within the meaning of said code section. There are cases holding that a "dwelling-house" does not cease to be "inhabited" within the meaning of said section, even though the occupants be temporarily absent therefrom when the burglary was committed (*People* v. *Manes*, 104 Cal. App. 493 [285 Pac. 1073]; *People* v. *Allard*, 99 Cal. App. 591 [279 Pac. 182]); but we are not dealing here with the case of a dwelling-house or any other kind of a building which is customarily occupied at all times. The rule relating to dwelling-houses, therefore, is not applicable to a case such as we have here.

The premises wherein the store was conducted were part of a larger building, the upper portion of which was occupied as a hotel, having an entrance on another street; and respondent contends, therefore, that the store itself was an "inhabited" building within the meaning of said code section. There is no merit in the point. The store and the hotel were wholly disconnected so far as communication was concerned, and there is no claim made that they were operated under the same management.

For the reasons stated, and under the authority of subdivision 6 of section 1181 of the Penal Code, the judgment of conviction is modified by reducing the crime to burglary of the second degree; and as thus modified the judgment and order appealed from are affirmed.