[No. F004405. Fifth Dist., Feb. 26, 1986.]

THE PEOPLE, Plaintiff and Respondent, v.
RANDY DEAN GROVER, Defendant and Appellant.

**[Opinion certified for partial publication.*]**

*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of part IV.

COUNSEL

Frank O. Bell, Jr., State Public Defender, under appointment by the Court of Appeal, Augustus E. Noland, Deputy State Public Defender, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, W. Scott Thorpe and Janet G. Bangle, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**WOOLPERT, Acting P. J.**—The Supreme Court has held that first degree burglary under Penal Code section 460[1] as amended in 1978 is as a matter of law a residential burglary for enhancement purposes under sections 667 and 1192.7. (*People* v. *O'Bryan* (1985) 37 Cal.3d 841, 844-845 [210 Cal.Rptr. 450, 694 P.2d 135].)

 In the published part of this opinion we hold that a first degree burglary under the version of section 460 effective July 1, 1977, is, also as

---

[1]All statutory references are to the Penal Code unless otherwise indicated.

a matter of law, a residential burglary for enhancement purposes.[2] ▮▮▮ We further hold under the particular facts of this case the sentence imposed for a prior burglary conviction is sufficient proof the burglary was of the first degree. Finally, we apply the holding in *People* v. *Jackson* (1985) 37 Cal.3d 826 [210 Cal.Rptr. 623, 694 P.2d 736], to an argument already resolved by our Supreme Court in that case.

### *Procedural and Factual History.*

As a result of jury trial defendant has been found guilty of two violations of section 211 (robbery). The jury found true the allegations in each count that defendant used a firearm within the meaning of section 12022.5. In a bifurcated court trial, the court found defendant had suffered a prior conviction for violation of section 459 (burglary of a residence), within the meaning of section 1192.7, subdivision (c)(18), and section 667, subdivision (a).

The court denied probation and sentenced defendant to twelve years in prison: on the first robbery, the upper term of five years plus a two-year enhancement for use of a firearm and a five-year enhancement for the prior conviction; on the second, the upper term of five years plus a two-year enhancement for use of a firearm, to run concurrent to the sentence imposed on the first robbery. Defendant appeals, challenging the finding on the prior conviction enhancement, and the sentencing.

During the trial on the prior conviction the court examined three exhibits: a report from the Department of Corrections, a fingerprint card, and Santa Cruz County Superior Court certified minutes dated September 1, 1977. The report of the Department of Corrections included the abstract of judgment. The exhibits indicate defendant suffered three burglary convictions in July of 1977, but do not expressly state if any of the burglaries was a first degree residential burglary; however, the abstract of judgment reflects imposition of a four-year upper base term for one of the burglaries. The cer-

---

[2]The portions of the enhancement sections relevant to the issues on appeal are provided below:

"(a) Any person convicted of a serious felony who previously has been convicted of a serious felony in this state . . . shall receive, in addition to the sentence imposed by the court for the present offense, a five-year enhancement for each such prior conviction on charges brought and tried separately. The terms of the present offense and each enhancement shall run consecutively.

". . . . . . . . . . . . . . . . . . . . . . .

"(d) As used in this section 'serious felony' means a serious felony listed in subdivision (c) of Section 1192.7. . . ." (§ 667.)

Section 1192.7 provides, in pertinent part:

"(c) As used in this section 'serious felony' means any of the following:

". . . (18) burglary of a residence; . . ."

tified fingerprint card also indicated three burglaries, one of which was burglary in the first degree. The minutes from the sentencing on the prior convictions listed a first degree burglary and two second degree burglaries.

I

### First Degree Burglaries Occurring Between July 1, 1977, and January 1, 1979, Are Residential Burglaries as a Matter of Law.

Prior to enhancing defendant's sentence, the court made the following statement: "I might state for the record that Court has taken judicial notice that in January or—September 1977 the first-degree burglary was required to be a burglary of a residence."

Defendant challenges this conclusion, arguing that between July 1, 1977, and January 1, 1979, a defendant could be convicted of first degree burglary as a result of being found guilty of burglary of a nonresidence—that is, the uninhabited portion of an inhabited building.

When the determinate sentencing law came into effect in 1977, a new definition of first degree burglary likewise became law under section 460:[3] "1. Every burglary of an inhabited dwelling house, trailer coach as defined by the Vehicle Code, or building committed in the nighttime, is burglary of the first degree." (Former § 460, subd. 1; Stats. 1976, ch. 1139, § 206.5, p. 5120 [operative July 1, 1977].)[4]

The Legislature amended subdivision 1 of section 460 in 1978: The 1978 amendment, effective January 1, 1979, and applicable to crimes occurring after that date, provided in pertinent part: "Every burglary of an inhabited dwelling house or trailer coach as defined by the Vehicle Code, or the inhabited portion of any other building committed in the nighttime, is burglary of the first degree." (Stats. 1978, ch. 579, § 23, p. 1985.)

---

[3]As will be discussed, *infra,* defendant was sentenced on his burglary priors after the determinate sentencing law came into effect. The burglaries also took place after the effective date of the determinate sentencing law.

[4]Immediately prior to July 1, 1977, the subdivision provided for first degree convictions where uninhabited areas were involved:

"1. Every burglary of an inhabited dwelling house, trailer coach as defined by the Vehicle Code, or building committed in the nighttime, and every burglary, whether in the daytime or nighttime, committed by a person armed with a deadly weapon, or who while in the commission of such burglary arms himself with a deadly weapon, or who while in the commission of such burglary assaults any person, is burglary of the first degree." (Former § 460, subd. 1; Stats. 1955, ch. 941, § 1, p. 1827.)

Defendant seizes upon the 1978 changes in the "building" language to argue, in essence, that prior to the effective date of the 1978 amendment, an individual could be convicted of first degree burglary for burglarizing the *uninhabited portion* of an inhabited building: Not until the 1978 amendment did the statutory definition of burglary exclude uninhabited portions of inhabited buildings. Defendant relies upon the following from the Summary Digest: "Existing law defines burglary of the first degree to include burglary of an inhabited dwelling house, trailer coach, or building committed in the nighttime.

"This bill would instead provide that burglary of the first degree includes burglary of an inhabited dwelling house or house trailer, or the inhabited portion of any other building in the nighttime." (Leg. Counsel's Dig. of Sen. Bill No. 709, 4 Stats. 1978 (Reg. Sess.) Summary Dig., p. 1.)

Defendant draws too much from the digest. We read Legislative Counsel's ambiguously used word "instead" to merely indicate a change in language rather than a change in substance. The Legislature in 1978 did nothing more than rephrase the section to better reflect existing case law interpreting it. Case law had long before established that the word "inhabited" in section 460 modified dwelling house, trailer coach, *and* building, even though the word did not appear after the conjunction "or" in the earlier versions. (*People* v. *Moreland* (1978) 81 Cal.App.3d 11, 20, fn. 5 [146 Cal.Rptr. 118]; *People* v. *Lewis* (1969) 274 Cal.App.2d 912, 917 [79 Cal.Rptr. 650]; *People* v. *Slepnikoff* (1929) 101 Cal.App. 238 [281 P. 657]; *People* v. *Black* (1925) 73 Cal.App. 13, 28 [238 P. 374]; *People* v. *Clinton* (1924) 70 Cal.App. 262, 264 [233 P. 78].)

As Witkin noted years prior to the amendment upon which defendant places so much emphasis: "The place—whether dwelling house or building—must be *inhabited.* This requirement makes relevant some of the common law decisions and distinctions on dwelling house. Thus, it can be any kind of structure if used as a habitation." (1 Witkin, Cal. Crimes (1963) Crimes Against Property, § 452, p. 415; see also *id.,* at § 451, p. 414; see generally Comment, *Criminal Law—Development of the Law of Burglary in California* (1951-1952) 25 So.Cal.L.Rev. 75, 100-101 (stating case law at the time considered "inhabited" and "residence" to be synonymous); 18 Cal.Jur.3d (Rev), Criminal Law, §§ 1095, 1096, pp. 85-87.)

In *People* v. *Warwick* (1933) 135 Cal.App. 476 [27 P.2d 396][5] the appellant burglarized an automobile tire store after business hours. The court

---

[5]At the time of the *Warwick* opinion, section 460 provided in pertinent part: "Every burglary of an inhabited dwelling house or building committed in the night time, and every

reversed the first degree burglary conviction and held under those facts that the store at the time appellant entered it was not an inhabited building.[6] The court went on to dismiss the Attorney General's contention that because the store was part of a larger building, the upper portion of which was a hotel, it was an inhabited building. (*Id.,* at pp. 477-478.)

Similarly, in cases involving burglary of an "outbuilding" to a dwelling house, or attached structure such as a garage or carport, courts have avoided characterizing such structures as inhabited or uninhabited portions of the dwelling house. Rather, courts have looked to whether the area entered is an integral part of the dwelling. To qualify as a first degree burglary the area entered must fall within a broad definition of "inhabited dwelling house." (*People* v. *Moreno* (1984) 158 Cal.App.3d 109, 112 [204 Cal.Rptr. 17]; *People* v. *Cook* (1982) 135 Cal.App.3d 785, 795-796 [185 Cal.Rptr. 576]; *In re Christopher J.* (1980) 102 Cal.App.3d 76 [162 Cal.Rptr. 14]; *People* v. *Picaroni* (1955) 131 Cal.App.2d 612, 618 [281 P.2d 45].)

Despite extensive research, we are unable to find any case upholding a conviction of first degree burglary where the defendant did nothing more than burglarize the uninhabited portion of an inhabited building. We conclude, therefore, that a first degree burglary under the 1976 amendment to section 460, effective July 1, 1977, could only be as a matter of law the burglary of an inhabited building *or* inhabited portion of that building. Burglary of an uninhabited building or an uninhabited portion of an inhabited building, would be burglary in the second degree. As a result first degree burglaries during this period fit the definition of residential burglary for enhancement purposes as discussed in the *Jackson* and *O'Bryan* opinions.

## II.

### FIRST DEGREE BURGLARY WAS PROVEN.

 Defendant argues that because the abstract of judgment pertaining to his prior conviction does not indicate the degree of burglary, first degree burglary was not proven. This argument is without merit.

burglary whether in the day time or night time, committed by a person armed with a deadly weapon, or who while in the commission of such burglary arms himself with a deadly weapon, or who while in the commission of such burglary assaults any person, is burglary of the first degree."

Had defendant in the present case been convicted under the version of section 460 existing immediately prior to July 1, 1977, or the version applied in *Warwick,* and the abstract of judgment indicated a prior first degree burglary and nothing more, his argument might have merit. A defendant during those periods could have suffered a first degree conviction by burglarizing the uninhabited portion of an inhabited building if an assault or gun use occurred. (Stats. 1955, ch. 941, § 1, p. 1827; Stats. 1923, ch. 362, § 1, p. 747.)

[6]The facts in *Warwick* do not indicate any basis, other than entering an inhabited building, for charging the defendant with first degree burglary under section 460 as it existed at that time.

The abstract demonstrates the judge sentenced defendant to the upper base term of four years for one of the subject burglaries. The record shows and defendant concedes, the burglary for which he received a four-year determinate sentence occurred after the operative date of July 1, 1977. At the time of defendant's sentencing in 1977, the upper base term for first degree burglary was four years. (See former § 461, subd. 1; Stats. 1976, ch. 1139, § 207, p. 5120 [operative July 1, 1977].) This evidence alone establishes beyond a reasonable doubt the prior subject burglary was burglary in the first degree.

## III.

### "RESIDENTIAL BURGLARIES" OCCURRED PRIOR TO 1983.

Defendant argues the crime of "residential burglary" did not exist prior to 1983, when sections 667 and 1192.7 were passed. As a result, the court erred in finding, as a matter of law, he committed a residential burglary by committing a first degree burglary before 1983. This contention has already been met by our Supreme Court and the argument was rejected. (*People* v. *Jackson* (1985) 37 Cal.3d 826, 831-832, 835 [210 Cal.Rptr. 623, 694 P.2d 736].)

## IV.

### DUAL USE OF FACTS*

. . . . . . . . . . . . . . . . . . . . . . . . .

The judgment is affirmed.

Hamlin, J., and Best, J., concurred.

---

*See footnote, page 1182, *ante*.