[No. A040013. First Dist., Div. Four. Feb. 28, 1989.]

THE PEOPLE, Plaintiff and Respondent, v.
JOHN DIXON WILSON, Defendant and Appellant.

**[Opinion certified for partial publication.‡]**

‡ Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of part III.

**COUNSEL**

David A. Nickerson for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, Stan M. Helfman and Rene A. Chacon, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**CHANNELL, J.**—Appellant John Dixon Wilson was convicted of first degree robbery and being an ex-felon in possession of a concealable firearm. (Pen. Code, §§ 211, 212.5, subd. (a), 12021.)[1] His sentence included two five-year sentence enhancements for two Texas prior convictions. (See § 667, subd. (a).) On appeal, he contends that (1) there was insufficient evidence of robbery of an inhabited dwelling house; and (2) his Texas prior convictions cannot form the basis of the section 667 sentence enhancements. We affirm the judgment.

## I. FACTS

In April 1987, appellant John Dixon Wilson checked into a Post Street hotel in San Francisco for a few days. On his last night, he came to the lobby's front desk to check out, pulled a gun, and demanded money from the desk clerk. Wilson took the money and tied up the clerk, putting him in an office directly behind the front desk. He left the hotel but was soon apprehended by police. The jury convicted Wilson of first degree robbery and being an ex-felon with a firearm. He was sentenced to eighteen years in state prison, including two five-year enhancements for his two Texas prior felony convictions. (See § 667.)

## II. ROBBERY

 First, Wilson contends that the prosecution failed to show that the robbery was committed within an "inhabited dwelling house." Under

---

[1] All statutory references are to the Penal Code.

subdivision (a) of section 212.5, robbery of an "inhabited dwelling house" or "the inhabited portion of any other building" is first degree robbery. Wilson does not contend that a robbery occurring in a hotel lobby can never constitute robbery of an inhabited dwelling house, but that the state did not establish that *this* robbery took place in an inhabited dwelling. He contends that his conviction should thus be reduced to one for second degree robbery.

■ Traditionally, hotel rooms have been included within the definition of a dwelling house. (*People* v. *Fleetwood* (1985) 171 Cal.App.3d 982, 986-988 [217 Cal.Rptr. 612] [decided under former § 213.5]; see § 212.5, subd. (a) [replacing former § 213.5].) However, Wilson argues that a hotel lobby is different from a hotel room for purposes of first degree robbery. He contends that because there was no evidence that the hotel lobby was an inhabited area of the hotel, he cannot lawfully be convicted of first degree robbery. Although we have found no first degree robbery cases on point, we look to first degree burglary cases for guidance. Both robbery and burglary statutes employ the same "inhabited dwelling house" and "inhabited portion of any other building" standards to determine the appropriate degree of the offense. (See §§ 212.5, subd. (a), 460, subd. 1.) In burglary cases, courts have avoided characterizing carports or garages as inhabited or uninhabited portions of the dwelling house. Instead, courts have looked to whether the area entered is an integral part of the building. (*People* v. *Grover* (1986) 177 Cal.App.3d 1182, 1187 [223 Cal.Rptr. 444].) Applying the same standard to robbery cases, few would doubt that a robbery occurring in the entry hall of a dwelling would occur in an integral part of the house. ■ By analogy, we are satisfied that a lobby is an integral part of a hotel for purposes of determining whether a robbery occurring in the lobby is punishable as a first degree offense.

In a recent case, a defendant argued that entry into an apartment house lobby with an intent to burglarize a specific apartment is an attempt to burglarize the apartment, not a burglary of the lobby. Division Two of this court rejected this argument, finding that one who enters the lobby of an apartment building with the intent to burglarize a particular apartment can be convicted of burglary. (*People* v. *Nunley* (1985) 168 Cal.App.3d 225, 230-231 [214 Cal.Rptr. 82].) This case also supports our conclusion, given that robbery and burglary employ the same pertinent statutory language and that there is no significant difference between a hotel lobby and an apartment house lobby. There is sufficient evidence to support Wilson's first degree robbery conviction and punishment.

## III. ENHANCEMENTS*

. . . . . . . . . . . . . . . . . . . . . . .

The judgment, including the sentence, is affirmed.

Anderson, P. J., and Poché, J., concurred.

Appellant's petition for review by the Supreme Court was denied May 18, 1989.

---

*See footnote, *ante,* page 451.