[No. B166146. Second Dist., Div. Seven. May 11, 2004.]

THE PEOPLE, Plaintiff and Respondent, v.
JOSE MENDOZA, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

---

\*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts I and II.

572

## COUNSEL

Melissa J. Kim, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Susan D. Martynec and Marc E. Turchin, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**ZELON, J.**—Defendant and appellant Jose Mendoza appeals his conviction for felony child molestation. (Pen. Code, § 647.6, subd. (b).[1]) In the unpublished portion of this opinion, we reject Mendoza's claims that evidence of his prior sexual offenses was improperly admitted in violation of Evidence Code sections 1101 and 352 and that his motion for an acquittal pursuant to section 1118.1 should have been granted on the basis of insufficient evidence that he had an abnormal or unnatural sexual interest in the minor victim because of the victim's age. In the published portion of the opinion, we hold that the requirement of entry into an "inhabited dwelling house," as the term is used in section 647.6, subdivision (b), is met here and that the trial court properly denied Mendoza's acquittal motion because the evidence is sufficient to support his conviction for felony child molestation.

## FACTUAL AND PROCEDURAL BACKGROUND

Seventeen-year-old Fernando S. was up past 3:00 a.m. playing computer games in his bedroom when he heard the alarm in his house beeping to indicate an open external door. Fernando investigated the alarm and found a stranger—Mendoza—standing in the house, next to the open front door. Lifting his shirt, Mendoza said he was unarmed and had not stolen anything. Fernando asked what Mendoza wanted; Mendoza asked for directions. Fernando gave him directions and told him to leave.

After Mendoza exited, Fernando closed the front door, locked it, and watched through a window to make sure Mendoza left. Mendoza returned to the door; Fernando opened it and asked what he wanted. Mendoza asked if Fernando wanted "a blow job." Offended and shocked, Fernando declined. Mendoza persisted, asking Fernando if he knew anyone who did. Fernando said no, closed the door, and called the police.

The police found Mendoza on the street, wearing the clothing Fernando had described. Fernando identified Mendoza in a field show-up.

Mendoza was convicted of felony child molestation (§ 647.6, subd. (b)) and sentenced to five years in prison—four years for the molestation and an

---

[1] Unless otherwise indicated, all further references are to the Penal Code.

additional one-year prior prison term enhancement under section 667.5, subdivision (b). Mendoza appeals.

## DISCUSSION

I., II.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### III. *Mendoza's Section 1118.1 Motion: Inhabited Dwelling House*

■ Section 647.6, subdivision (a), sets forth the misdemeanor offense of annoying or molesting a child; subdivision (b) makes the offense a felony when it is committed after the defendant "entered, without consent, an inhabited dwelling house . . . or the inhabited portion of any other building." No California court has defined the term "inhabited dwelling house" in the context of section 647.6, subdivision (b). Mendoza, advocating a narrow reading of the statute, argues that because he withdrew to the house's front porch before propositioning Fernando, he was no longer in an inhabited dwelling house, and the evidence was therefore insufficient to establish a violation of section 647.6, subdivision (b).

■ Although our state courts have not interpreted the term "inhabited dwelling house" as used in section 647.6, subdivision (b), the phrase is frequently used in California penal statutes that enhance the punishment or increase the severity of criminal offenses when committed in a residential context. (See, e.g., §§ 212.5, 213, 246, 314, 460, 462.) In defining an inhabited dwelling house with reference to those statutes, California courts have consistently interpreted the term broadly and inclusively "to effectuate the legislative purposes underlying the statute, namely, to protect the peaceful occupation of one's residence," and in recognition of the "increased danger and gravity" of residential crimes. (*People v. Cruz* (1996) 13 Cal.4th 764, 775, 776, 779 [55 Cal.Rptr.2d 117, 919 P.2d 731]; see also *People v. O'Bryan* (1985) 37 Cal.3d 841, 844–845 [210 Cal.Rptr. 450, 694 P.2d 135] ["An entry into an inhabited space is a serious felony because it presents a greater intrusion upon personal privacy, and a greater risk of violent confrontation, than does entry into an uninhabited area"].)

■ The dwelling house provision was added to section 647.6 (then section 647a) in 1982 by the same enactment that added identical language to California's indecent exposure law, section 314. (Stats. 1982, ch. 1113, §§ 2–3, p. 4032.) By this amendment, the Legislature treated residential

---

*See footnote, *ante*, page 571.

indecent exposure and child molestation more seriously than such acts occurring in other environments "in recognition of the sanctity of one's residence and the inherent danger presented by residential intruders." (*People v. Rehmeyer* (1993) 19 Cal.App.4th 1758, 1768 [24 Cal.Rptr.2d 321] [discussing legislative intent underlying amendment to section 314].) In light of the Legislature's use of identical language in these penal statutes and the common legislative purpose of the enactments, we conclude that the term "inhabited dwelling house" should be interpreted broadly and inclusively with respect to section 647.6, subdivision (b), as it is in the context of the other statutes. (See *People v. Woods* (1998) 65 Cal.App.4th 345, 347–348 [75 Cal.Rptr.2d 917] [definition of inhabited dwelling house for purposes of burglary law includes areas not normally considered part of a home's living space]; *People v. Cook* (1982) 135 Cal.App.3d 785 [185 Cal.Rptr. 576] [house's enclosed patio is an inhabited dwelling house for burglary statute]; *People v. Wilson* (1989) 209 Cal.App.3d 451, 453 [256 Cal.Rptr. 808] [hotel lobby is an inhabited dwelling house under robbery statute]; *People v. Nunley* (1985) 168 Cal.App.3d 225, 231–232 [214 Cal.Rptr. 82] [apartment building entryway constitutes inhabited dwelling house for burglary statute]; *In re Christopher J.* (1980) 102 Cal.App.3d 76, 78–79 [162 Cal.Rptr. 147] [in burglary context, partially open carport is an inhabited dwelling house]; see also Use Notes to CALJIC Nos. 10.38 [felony indecent exposure]; 10.57 [child molestation], 14.51 [burglary] [all directing use of CALJIC No. 14.52, defining "inhabited dwelling house" to define the residential component of those crimes].)

The Legislature did not require that the molestation actually occur inside the inhabited dwelling to warrant a section 647.6, subdivision (b) conviction. The statute requires only that the defendant commit the molestation "after having entered, without consent, an inhabited dwelling house" or the inhabited portion of any other building. If the Legislature had meant to require that the offense occur *within* the dwelling in order to qualify as a felony, it easily could have said so. It would be inconsistent with the expansive interpretation of an inhabited dwelling and the Legislature's protective intent to read into the statute a requirement, not included by the lawmakers, that not only must the molestation occur after entry into an inhabited dwelling house without consent but that it also must take place while the perpetrator and victim both remain within the dwelling in order to constitute a violation of section 647.6, subdivision (b).

Mendoza's crime was no less residential because he propositioned the minor whose house he had entered without consent only after he had stepped out onto the porch. In view of section 647.6's purpose of protecting people in their residences by punishing more severely sexual offenses involving the invasion of a home (see *People v. Rehmeyer, supra,* 19 Cal.App.4th at p. 1768), we decline to invent a loophole allowing an individual to escape the

increased punishment of subdivision (b) provided that after entering a dwelling without consent, he or she lures the minor outdoors or to a vantage point where the molestation may occur while the perpetrator is outside the four walls of the dwelling, but the child remains inside. Such a rule would contravene the express language of the statute and motivate perpetrators to entice children to leave their dwellings, an outcome hardly consistent with the legislative intent to protect minors in their homes.

This reading of the statute does not permit the unfair bootstrapping of an offense under section 647.6, subdivision (a) to an earlier but wholly unrelated dwelling entry in order to elevate it from a misdemeanor to a felony. As was present here, a clear nexus between the residential entry and the molesting conduct is required. In this case, the residential entry and molestation were closely tied, both temporally and as a single course of conduct. Mendoza's conduct—the unlawful entry into the home of the young boy he had seen before, and his withdrawal and immediate return with a sexual advance at the threshold to the minor he had disturbed within—was sufficient for a reasonable jury to find that he violated section 647.6, subdivision (b). The trial court did not err when it refused to grant Mendoza's section 1118.1 motion on this ground. (*People v. Lines* (1975) 13 Cal.3d 500, 505 [119 Cal.Rptr. 225, 531 P.2d 793] [to review denial of a section 1118.1 motion, court examines record for sufficiency of the evidence].)

## DISPOSITION

The judgment is affirmed.

Perluss, P. J., and Woods, J., concurred.

Appellant's petition for review by the Supreme Court was denied August 11, 2004.