Filed 5/19/21  P. v. Williams CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>JARRETT WILLIAMS,<br><br>　　　Defendant and Appellant. | A159639<br><br>(San Francisco County<br>Super Ct. No. SCN1231703) |

Defendant Jarrett Williams appeals from the trial court's sentencing order imposing a six-year prison term after a jury convicted him of assault by force likely to cause great bodily injury and the court found true a prior strike allegation involving a 2018 conviction for first-degree burglary.  Williams contends that insufficient evidence supported the trial court's findings that he was the individual who suffered the prior conviction and that the prior conviction was for first-degree burglary and therefore a strike.  He also asserts that certain errors in the abstract of judgment must be corrected.  We order the abstract and related minute order corrected but otherwise affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On August 13, 2019, Williams was charged by information with felony assault by force likely to cause great bodily injury (Pen. Code,[1] § 245, subd. (a)(4), count one), felony battery with serious bodily injury (§ 243, subd. (d), count two), and misdemeanor lying to a police officer (§ 148.9, subd. (a), count three). Count one was enhanced with allegations that Williams inflicted great bodily injury within the meaning of section 12022.7, subdivision (a). The information additionally alleged that Williams was on parole when the offense was committed (§ 1203.085, subd. (a)), had previously suffered serious or violent felony convictions (§§ 667, subds. (a)(1), (d) & (e), 1170.12, subds. (b) & (c)), and had previously served prior prison terms (§ 667.5, subd. (b)).

The charges stemmed from an incident in San Francisco on June 28, 2019. At approximately 10:00 a.m. on that date, Victoria R. was walking down Polk Street when Williams approached and punched her in the face. The force of the blow broke her glasses and cut her face. Ms. R. had never seen Williams before this interaction. Bystanders apprehended Williams while the police were summoned. After the police showed Williams to Ms. R., she confirmed he was her attacker. She then went to the hospital where she received stiches to close the wound on her brow.

Prior to the jury trial in this matter, the prosecution agreed to proceed with only a single prior strike, eliminating the possibility of a life sentence. The prosecution then moved to dismiss count two, and Williams pleaded no contest to count three. The issues regarding Williams' priors were bifurcated for later bench trial. On November 20, 2019, the jury found Williams guilty

---

[1] All statutory references are to the Penal Code unless otherwise specified.

on the remaining assault charge (count one) but concluded that the great bodily injury enhancement was not true.

Prior to sentencing on February 5, 2020, the court conducted a trial on the prior conviction. After reviewing the evidence admitted by the prosecution, the court found that Williams had previously been convicted of first-degree burglary (§ 459), a strike offense. In doing so, the trial court also found sufficient evidence to conclude that he was the same individual who committed both the prior strike and the instant crime. The trial court then sentenced Williams to six years in state prison, consisting of the three-year middle term doubled due to the prior strike. The trial court dismissed the misdemeanor, stayed Williams' fines and fees based on inability to pay, and awarded custody credits. Williams timely appealed.

## II.  DISCUSSION

### A.    *Substantial Evidence Supports the Strike Finding*

Williams first argues that the evidence before the trial court was legally insufficient to prove that his prior conviction under section 459 qualified as a strike offense. "A common means of proving the fact and nature of a prior conviction is to introduce certified documents from the record of the prior court proceeding and commitment to prison, including the abstract of judgment describing the prior offense." (*People v. Delgado* (2008) 43 Cal.4th 1059, 1066 (*Delgado*), superseded by statute in other grounds as stated in *People v. Frahs* (2018) 27 Cal.App.5th 784, 795.) The trier of fact is entitled to draw " 'reasonable inferences' " from such documents. (*Ibid.*) Indeed, " '[O]fficial government records clearly describing a prior conviction presumptively establish that the conviction in fact occurred, assuming those records meet the threshold requirements of admissibility.' " (*Ibid.,* citing Evid. Code, § 664 ["It is presumed that official duty has been regularly

3

performed"].)  When reviewing the sufficiency of the proof of a prior strike allegation, "we examine the record in the light most favorable to the judgment to ascertain whether it is supported by substantial evidence.  In other words, we determine whether a rational trier of fact could have found that the prosecution sustained its burden of proving the elements of the sentence enhancement beyond a reasonable doubt."  (*Id.* at p. 1067; see also *People v. Moenius* (1998) 60 Cal.App.4th 820, 823-824.)

The prior conviction here at issue was pursuant to section 459, the general burglary statute.  (See § 459 ["Every person who enters any house . . . with intent to commit grand or petit larceny or any felony is guilty of burglary."].)  Pursuant to section 460, burglary of an inhabited dwelling "or the inhabited portion of any other building, is burglary of the first degree." (§ 460, subd. (a).)  "All other kinds of burglary are of the second degree." (*Id.*, subd. (b).)  Prior serious and violent felonies that qualify as strike convictions are listed in section 667.5, subdivision (c) (violent felonies) and section 1192.7 (serious felonies).  Subdivision (c)(21) of section 667.5 includes as a violent felony "[a]ny burglary of the first degree as defined in subdivision (a) of Section 460, wherein it is charged and proved that another person, other than an accomplice, was present in the residence during the commission of the burglary."  Section 1192.7, subdivision (c)(18) lists "any burglary of the first degree" among the serious felonies.  Thus, only first-degree burglary qualifies as a strike offense under California law.

Williams contends that the evidence before the trial court was insufficient to prove a prior conviction for first-degree burglary because the abstract of judgment showed only a conviction under section 459 and the information does not establish that he actually pleaded guilty to first-degree

4

burglary.[2]  In support of his argument, Williams cites *Delgado*, *supra*, 43 Cal.4th at p. 1066, for the proposition that "if the prior conviction was for an offense that can be committed in multiple ways, and the record of the conviction does not disclose how the offense was committed, a court must presume the conviction was for the least serious form of the offense."  In addition, he highlights *People v. Gallardo* (2017) 4 Cal.5th 120 (*Gallardo*), in which the Supreme Court limited prior precedent with respect to "judicial factfinding" that is permitted in this context, holding that a trial court's role in establishing a prior conviction is "limited to identifying those facts that were established by virtue of the conviction itself—that is, facts the jury was necessarily required to find to render a guilty verdict, or that the defendant admitted as the factual basis for a guilty plea."  (*Id.* at p. 136.)  We reject Williams' claim, finding the cited precedents distinguishable on these facts.

It is true that the abstract of judgment indicates that Williams suffered a conviction under section 459 and that, under section 460, such an offense can be either of the first or second degree.  However, the abstract also establishes that Williams was sentenced to the middle term of four years in state prison for the offense, which corresponds with the sentencing range for first-degree burglary.  Specifically, the current version of section 461—which was also in effect at the time Williams was sentenced in 2018—provides that burglary in the first degree is punishable "by imprisonment in the state prison for two, four, or six years."  (§461, subd. (a).)  Second degree burglary, in contrast, is subject to a different sentencing scheme and is punishable by

---

[2] The information charges that "[o]n or about July 30, 2017, in the above named judicial district, the crime of FIRST DEGREE BURGLARY, PERSON PRESENT, in violation of PENAL CODE SECTION 459, a felony, was committed by Jarrett Williams, who did enter an inhabited dwelling house and trailer coach and inhabited portion of a building occupied by [E.M.], with the intent to commit larceny and any felony."

5

imprisonment "in the county jail not exceeding one year or imprisonment pursuant to subdivision (h) of Section 1170." (*Id.*, subd. (b).) Thus, the abstract, on its face, proves that Williams' prior conviction was for first-degree burglary, a strike offense. (See *People v. Grover* (1986) 177 Cal.App.3d 1182, 1184, 1187-1188 [holding under similar circumstances that the sentence alone "establishes beyond a reasonable doubt the prior subject burglary was burglary in the first degree"].) Under these circumstances, the *Delgado* presumption is inapplicable because, while burglary "can be committed in multiple ways," the record of conviction definitively discloses how the offense was committed. (*Delgado*, *supra*, 43 Cal.4th at p. 1066.)

For similar reasons, *Gallardo* is inapposite. The defendant in *Gallardo* had a prior conviction for assault with a deadly weapon or with force likely to produce great bodily injury. Two possibilities arose: if the defendant committed the assault with a deadly weapon, the conviction was a strike; if the defendant committed the assault by means of force likely to produce great bodily injury, the prior conviction was not a strike. The trial court considered the prior conviction preliminary hearing transcript to determine which of the two crimes the defendant had been convicted of committing. (*Gallardo*, *supra*, 4 Cal.5th at pp. 124-126.) The Supreme Court disapproved of the trial court's actions, holding that a sentencing court "may not 'rely on its own finding' about the defendant's underlying conduct 'to increase a defendant's maximum sentence.'" (*Id.* at p. 134.) Rather, "questions about the proper characterization of a prior conviction are for a court to resolve, based on its evaluation of the facts necessarily encompassed by the guilty verdict or admitted by the defendant in pleading guilty to the prior crime." (*Id.* at p. 139, fn. 6.) Thus, under *Gallardo*, the sentencing court's role is "limited to identifying those facts that were established by virtue of the conviction

6

itself—that is, facts the jury was necessarily required to find to render a guilty verdict, or that the defendant admitted as the factual basis for a guilty plea." (*Id.* at p. 136.)

We agree with Williams that the information alone is insufficient under *Gallardo* to establish a first-degree burglary conviction because it does not establish the facts he "necessarily . . . admitted as the factual basis" of his guilty plea. (*Gallardo*, *supra*, 4 Cal.5th at p. 136; see also *People v. Hudson* (2018) 28 Cal.App.5th 196, 208 [rejecting facts set forth in the information because the record was "silent" regarding whether the defendant actually pled to "assault based on the use of a deadly weapon, causing great bodily injury, or both"].) However, what *Gallardo* proscribed was "judicial factfinding" about a previously unadjudicated fact. (*Gallardo*, at p. 136.) In this case, the 2018 abstract establishes that Williams must have pleaded to facts sufficient to support a conviction for first degree burglary because he was sentenced in a way that was applicable only to burglary in the first degree. On this record, then, the sentencing court was not required to engage in any factfinding about whether the building Williams burglarized was inhabited.

Although we conclude that the abstract, in and of itself, supplies sufficient evidence of Williams' first-degree burglary conviction, additional evidence in the record confirms that the prior 2018 conviction was for first degree burglary. The trial court relied on People's Exhibit 1, which the court described as containing "two documents": "One is a document titled, 'Superior Court of the State of California, County of San Bernardino,' which reflects a conviction of a Jarrett Williams on or about November 16, 2018, first degree burglary as a Strike offense, and that he was sentenced to a term of 4 years in State Prison. [¶] This is the Waiver of Rights and Plea Form

7

(indicating). [¶] There is a second document within People's 1, which is a Felony Abstract of Judgement for a Jarrett Williams, which shows the conviction for 459, date of conviction, November 16th, 2018, and a sentence of 4 years." Exhibit 1 was admitted into evidence without objection.[3] We agree with the trial court's observation that People's Exhibit 1 clearly reflects that the prior conviction at issue in this appeal was for "first degree burglary as a Strike offense". In sum, the evidence amply supports the trial court's conclusion that the 2018 burglary conviction qualified as a strike offense.

## B.     *Substantial Evidence Supports the Identity Finding*

Williams additionally contends that there was insufficient evidence before the sentencing court that he was the individual who was convicted of the 2018 burglary. Specifically, he asserts that the sentencing court relied on matching criminal identification and information ("CII") numbers attached to the current conviction and the 2018 burglary conviction to prove identity and that this evidence was "simply not enough." He notes that no photographic or fingerprint evidence was admitted. We are not persuaded by these contentions.

" '[T]he question of whether the defendant is the person who has suffered [a] prior conviction shall be tried by the court without a jury,' and the defendant's identity must be proven beyond a reasonable doubt. [Citations.] We review the record in the light most favorable to the trial court's finding to determine whether there is substantial evidence to support

---

[3] Although the appellate record transmitted to this court contains People's Exhibit 1, it omitted the certified copy of the Waiver of Rights and Plea Form issued by the Superior Court for the County of San Bernardino on November 16, 2018. On May 14, 2021, on our own motion, we issued an order augmenting the appellate record to include this admitted document that was considered by the trial court at sentencing. (See Cal. Rules Ct., Rules 8.155(a)(1)(A), 8.340(c).)

8

the conclusion that [defendant] was the person who suffered the [prior conviction]." (*People v. Saez* (2015) 237 Cal.App.4th 1177, 1190 (*Saez*).)

According to the probation report, the Jarrett Williams convicted in this case was born on September 13, 1968 and has aliases that include the name Monyea Williams. The abstract of judgment with respect to the 2018 conviction identified the defendant as Jarrett Williams with the same birthdate, listed aliases including Monye Williams, and reflected a CII number of A09592603. During sentencing in this matter, the court queried: "[W]hat evidence do I have that this Jarrett Williams is the same Jarrett Williams I have before me here today in court?" The prosecutor responded by introducing the information from the 2018 conviction (People's Exhibit 4), which charged a Jarrett Williams with a host of aliases, including Monyea Williams and Monye Williams. The prosecutor additionally admitted a certified copy of Williams' San Francisco rap sheet (People's Exhibit 5), which is under the name Monye Williams, lists the instant offense, and reflects the same CII number as the abstract of judgment for the 2018 burglary conviction. Defense counsel did not object to the admission of these certified exhibits. The prosecutor argued that the uniqueness of the aliases and the matching CII numbers provided ample evidence that the individual prosecuted in this case was the same individual that was convicted of first-degree burglary. The sentencing court agreed, as do we.

The cases cited by Williams do not support a contrary result. In *Saez*, *supra*, 237 Cal.App.4th 1177, for example, the evidence of identity to prove a prior conviction included identical names, birthdates, and street addresses. There was a discrepancy in the listed home addresses, with the more recent case listing an address of 500 East Garfield, and the evidence documenting the prior conviction reflecting an address of 425 East Garfield. (*Id.* at pp.

9

1189-1190.)  The appellate court rejected the defendant's argument that the evidence of identity was insufficient because there was no fingerprint or photographic evidence, and the house numbers did not match.  (*Id.* at pp. 1190-1191.)  The *Saez* court concluded that neither fingerprints nor photographs were required and opined that "coincidence is not a reasonable explanation for the identical names, birth dates, and streets."  (*Id.* at pp. 1190-1191.)

Similarly, in *People v. Towers* (2007) 150 Cal.App.4th 1273, the evidence of identity included an identical birth date, state of birth, and distinctive tattoo.  (*Id.* at p. 1286.)  There was also a dark and blurry black and white mug shot from the prior conviction, but, since the record reflected that the trial court had viewed a color photograph, the appellate court cautioned that it could not presume that the original examined by the court was similarly defective.  (*Ibid.*)  The appellate court concluded that, on the record presented, "a trier of fact could easily find that [the defendant] was the same person as the Larry Christopher Towers" who suffered the prior conviction, even though the defendant's name was listed as Christopher Hendrix Towers.  (*Ibid.*)

We view the evidence in this case to be of similar weight as that considered in both *Saez* and *Towers*.  As the *Saez* court put it, "coincidence is not a reasonable explanation" for the identical names, birthdates, unique aliases, and CII numbers presented by this record.  (*Saez,* at p. 1190.)  Substantial evidence supports the trial court's finding of identity.

## C.    *The Abstract of Judgment Should be Corrected*

Judgment and sentence is an oral pronouncement.  (*People v. Mesa* (1975) 14 Cal.3d 466, 471 (*Mesa*).)  In contrast, the entry of the judgment on the abstract is a clerical function, and thus the abstract cannot add to or

modify the oral judgment it attempts to summarize. (*Mesa*, at p. 471; *People v. Crenshaw* (1992) 9 Cal.App.4th 1403, 1415-1416) Similarly, when a discrepancy exists between the oral pronouncement of judgment as reflected in the reporter's transcript and the minute order, the oral pronouncement controls. (§ 1207; *Mesa,* at pp. 471-472.) When the abstract of judgment and related minute order fail to state accurately those things ordered orally by the sentencing court, they must be corrected. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185; *Mesa*, at p. 471; *People v. Montelongo* (2020) 55 Cal.App.5th 1016, 1035.)

In this case, the parties agree that the abstract of judgment should be corrected to remove the three-year sentence for the great bodily injury enhancement (§ 12022.7, subd. (a)) because the jury found the enhancement untrue. In addition, both parties agree that the trial court stayed all fines and fees on grounds of inability to pay and therefore the section of the abstract related to such fines and fees should remain blank. We concur and conclude that the minute order must also be corrected to resolve these discrepancies. In addition, since we have determined that substantial evidence supports the prior strike conviction in this case, both the minute order and the abstract of judgment must be amended to reflect a three-year enhancement based on that strike conviction.

### III. DISPOSITION

The trial court is ordered to amend the abstract of judgment as follows: (1) the information in paragraph 2 should be stricken; (2) paragraph 3 should be modified to reflect the three-year enhancement for Williams' prior strike conviction; (3) the box for the strike prior conviction should be checked in paragraph 4; and (4) paragraph 5, the fines and fees paragraph, should be left blank. Total time imposed in paragraph 9 should remain six years. The

11

court is ordered to send a certified copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation.  The sentencing minute order dated February 5, 2020, must also be amended in a similar fashion.  In all other respects, the judgment is affirmed.

_____

SANCHEZ, J.


We concur.


_____

HUMES,  P.J.


_____

BANKE, J.


(A159639)